M. EARL BRACKETT, appellant, v. CITY OF DES MOINES and FRED HEYER, inspector of buildings, appellees.

No. 48641.

(Reported in 67 N.W.2d 542)

250

December 14, 1954.

Owen Cunningham and Fred Van Lieu, both of Des Moines, for appellant.

Harold H. Newcomb, Frank D. Bianco and Don C. Swanson, all of Des Moines, for appellees.

OLIVER, J.—Since 1926 plaintiff has owned two lots at the northeast corner of Fiftieth Street and Urbandale Avenue, Des Moines. In 1926 the city council enacted the original Zoning Ordinance, No. 3619, under which the property at each of the four corners of that intersection was zoned as commercial. The commercial zone extended one block east on Urbandale, to and including the four corners of Forty-ninth Street and Urbandale Avenue. This ordinance, apparently invalid for failure to give proper notices, was validated in 1939 by an act of the legislature. In 1934 plaintiff constructed upon the rear of his lots a four-car garage which has since been used for storage purposes.

In 1942 the City revised and published its ordinances in one volume entitled "Municipal Code of Des Moines." Zoning Ordinance 3619 was excepted from Ordinance 4724 which revised the general ordinances and established the Municipal Code, but said zoning ordinance, as amended, was made chapter 2A in the Appendix of said book. The use and height and area maps were enclosed in a pocket in the cover. The city clerk certified that "the foregoing pages, together with the Appendix, * * * contain the revised ordinances of 1942, of the city of Des Moines, as approved and ordered published by resolution of the city council, * * *." Plaintiff maintains the Des Moines Municipal Code is merely a compilation of the ordinances therein set out.

We do not understand defendants contend to the contrary, with respect to the Zoning Ordinance in the Appendix.

December 10, 1952, the city council adopted a lengthy resolution, pointing to the need for a revision of zoning and planning in various areas, the studies already made, and the necessity of a new or revised comprehensive zoning plan, and requesting the plan and zoning commission to complete its studies, prepare a proposed revised zoning ordinance with necessary maps, hold public hearings and report to the council. This the commission proceeded to do. It submitted a preliminary report and thereafter a final report dated February 18, 1953, with the proposed ordinance and use district map. The council referred the matter to the city legal department and later held public hearings thereon. July 9, 1953, Zoning Ordinance No. 5453, the ordinance here in question, was enacted by the council. It was published July 15, 1953.

In this ordinance the four corners at Fiftieth and Urbandale, including plaintiff's lots, were zoned as residential. September 10, 1952, plaintiff had secured from the city a building permit to erect a store building on his lots. This permit expired at the end of six months. May 14, 1953, plaintiff secured another building permit. August 6, 1953, plaintiff was notified his building permit was canceled because the zoning on the lots had been changed from commercial to residential.

Plaintiff then instituted this suit against the City and its building inspector, praying that his rights under the zoning ordinance be established, that the ordinance be adjudicated invalid and that defendants be enjoined from enforcing it and canceling his building permit. Trial resulted in judgment for defendants and this appeal by plaintiff. The statutes involved are the Zoning law, enacted in 1923, now chapter 414, Code of Iowa, 1954, entitled "Municipal Zoning", and chapter 366, Code of Iowa, entitled "Ordinances."

I. Chapter 2A of the Appendix to the (1942) Municipal Code of Des Moines is entitled "Zoning." Its subtitle is "Ordinance No. 3619—Zoning Ordinance—Des Moines, Iowa." The 1953 Zoning Ordinance (5453) is entitled:

"An ordinance to amend Ordinance No. 4724, being the Municipal Code of Des Moines, Iowa, by repealing all of Chapter

2A of the Appendix thereof, as amended by Ordinance No. 4758, passed January 28, 1943 (and 58 other numbered and dated ordinances) * * * and enacting in lieu thereof a new Chapter 2A to regulate and restrict the location and use of buildings, structures and land for trade * * * residence * * *", etc., and repealing Ordinance No. 4758 (and the 58 other amendatory ordinances).

It states in part:

"BE IT ORDAINED BY THE CITY COUNCIL * * *:

"Section 1. That Ordinance No. 4724, being the Municipal Code of Des Moines, * * * be and is hereby amended by repealing all of Chapter 2A of the Appendix thereof * * * (as amended by the 59 listed ordinances) and enacting a new Chapter 2A as follows:

CHAPTER 2A

ZONING

"* * *

PART I

TITLE

"2A 1. TITLE. This Ordinance shall be known and may be cited and referred to as the 'Zoning Ordinance' of the City of Des Moines, Iowa."

 Plaintiff assails the validity of the ordinance because it states it amends Ordinance No. 4724. The statement in the title that it amends "Ordinance No. 4724, being the Municipal Code", is limited by the language immediately following "by repealing all of Chapter 2A of the Appendix thereof * * *." Moreover, the new Ordinance No. 5453 does not directly affect Ordinance No. 4724 and the statement in the title with reference to amending Ordinance No. 4724 being the municipal code may be treated as surplusage. People ex rel. Abt v. Bowman, 253 Ill. 234, 97 N.E. 304, 308; City of Chicago v. McKinley, 344 Ill. 297, 176 N.E. 261, 265, 266; Worthington v. District Court, 37 Nev. 212, 142 P. 230, 233 to 235, L. R. A. 1916A 696, Ann. Cas. 1916E 1097. The new ordinance merely enacts a new chapter 2A and repeals the old chapter 2A of the Appendix to the Municipal Code, with the title "Zoning" and subtitle "Ordinance No. 3619—

Zoning Ordinance—Des Moines, Iowa." The 58 listed amendatory ordinances are also repealed.

■ Plaintiff contends also the new ordinance is invalid because the number of the repealed original zoning ordinance, 3619, is not set out therein. Section 366.2, Code of Iowa, 1954, provides an ordinance revising or amending an ordinance or section thereof shall specifically repeal the ordinance or section amended or revised. Although this necessitates the identification of an ordinance to be repealed, it does not require that such identification be made in any particular language or form. It is sufficient that the identification be such that the lawmakers and the people be not left in doubt as to what ordinance is repealed. City of Chicago v. McKinley, supra, 344 Ill. 297, 176 N.E. 261, 265, 266; Worthington v. District Court, supra, 37 Nev. 212, 142 P. 230, 233 to 235, L. R. A. 1916A 696, Ann. Cas. 1916E 1097.

In Lane-Moore Lumber Co. v. Storm Lake, 151 Iowa 130, 134 to 137, 130 N.W. 924, 926, 927, this court held valid an ordinance which stated it repealed section 1 of Ordinance No. 20 and enacted a new section 1, notwithstanding the fact that Ordinance No. 20 was a void ordinance. The court pointed out the new ordinance was complete and sufficient in itself.

In the case at bar the reference to the repealed Zoning Ordinance as chapter 2A of the Appendix to the Municipal Code would not cause any uncertainty as to its identity. Apparently it was the practice to thus identify the old zoning ordinance, even in the courts. See Granger v. Board of Adjustment, 241 Iowa 1356, 44 N.W.2d 399. A person inspecting the repealed chapter 2A of the Appendix to the Municipal Code would observe, at first glance, the statement that it was Zoning Ordinance No. 3619. Certainly, such person would have no doubt that was the repealed ordinance. Moreover, under chapter 414, Code of Iowa, a city is necessarily limited to one comprehensive zoning ordinance usually called the "Zoning Ordinance." Hence, the identification of this ordinance is simple and certain.

■ We hold that, under the circumstances, the reference to Ordinance No. 4724 as the Municipal Code, and the failure to give the original number of the repealed Zoning Ordinance did not render the new zoning ordinance invalid.

■■ II. Plaintiff argues a zoning ordinance "cannot be amended by repeal and re-enactment." This contention is not meritorious. We have held a municipality may amend its zoning ordinance any time it deems circumstances and conditions warrant such action. Keller v. Council Bluffs, 246 Iowa 202, 207, 66 N.W.2d 113, 116. Section 366.2, Code of Iowa, 1954, provides an ordinance revising or amending an ordinance or section thereof shall repeal the same and set forth in full the ordinance or section as amended or revised.

Section 25.65, McQuillin, Municipal Corporations, Third Ed. (1950), states:

"Generally speaking, amendatory or subsequent zoning ordinances may be enacted where they are necessary to secure the public health, safety, morals or welfare or other legitimate object of the police power. Or zoning ordinances may be repealed upon the same basis * * *.

"Clearly a municipality vested with the power to comprehensively zone its area must have power to amend its zoning ordinances from time to time where there are substantial changes of conditions, which inevitably occur, and where the amendment has some reasonable relation to the end sought to be obtained, viz., furtherance of the public interest. The reason is that zoning is not static, but it changes with changed conditions and the complexities of the modern age. If the rule were otherwise there would be no progress."

In the language of Yokley, Zoning Law and Practice, Second Ed., section 75: "Frequently it becomes necessary to substitute ordinances by outright repeal and re-enactment rather than by amendment." 58 Am. Jur., Zoning, section 169, states a municipality authorized, at its option, to establish a zoning system may terminate, repeal in part, or amend its zoning ordinances from time to time as conditions warrant and require. Of course, compliance with the Municipal Zoning law, chapter 414 of the Code, is required in this state.

■■ III. The validity of the new zoning ordinance is assailed on the ground it was not made in accordance with a comprehensive plan. This is generally required and in this state by section 414.3, Code of Iowa, 1954. McQuillin, Municipal Cor-

porations, Third Ed., section 25.07, page 28, states: "Comprehensive zoning is general zoning throughout a municipality according to a comprehensive plan to control and direct the use and development of property in the area by dividing it into districts according to present and potential uses."

There is no substantial evidence the ordinance was not made in accordance with a comprehensive plan. The ordinance itself indicates it was so made. Moreover, the record shows the. City Plan and Zoning Commission, over a period of years, had done much work on a comprehensive city plan. In 1938 it engaged Herman Bartholomew and associates, city planners, engineers and landscape architects, who made a comprehensive survey of the city and in 1940 a detailed report in book form with many maps and .plats. This report was approved by the council in 1945 but no action was taken under it. Subsequently general studies and studies on various sections and neighborhoods, including the property and neighborhood here involved were made. These formed the basis for changes in and additions to the comprehensive plan which brought it up to date. Ordinance No. 5453 was based upon this new comprehensive plan. Public hearings were held for consideration of the proposed ordinance.

We concur in the finding of the distinguished trial court there was full compliance with the requirement the regulations be made in accordance with a comprehensive plan.

██ IV. Section 366.3, Code of Iowa, 1954, provides ordinances shall be fully and distinctly read on three different days, etc. Plaintiff's petition alleges the new zoning ordinance is invalid because of amendments adopted on its third reading. No decision of this court upon this point has been called to our attention. McQuillin on Municipal Corporations, Third Ed., section 16.87, states an amendment which does not change the general purpose of an ordinance may be made during its passage. In this case the changes made were minor or formal. They do not change the general purpose of the ordinance nor do they affect plaintiff's property. Plaintiff does not dispute the general rule stated in the text. But it is contended additional conditions of procedure are required in the enactment of a zoning ordinance.

258

In City of Corpus Christi v. Jones, Tex. Civ. App., 144 S.W.2d 388, 393, 394, similar contentions were overruled. The court stated: "The statutory hearing as to such matters having been held, it is not necessary that another notice be given to render these changes effective. * * * We are here concerned with notice of a hearing to consider the provisions of a comprehensive Zoning Ordinance recommended for adoption by the Zoning Commission and not with amendments to an ordinance previously enacted. It further appears that none of the minor changes made in the ordinance proposed by the Zoning Commission, after the statutory hearing had been held, affected the property afterwards acquired by appellees in any way and therefore appellees are in no position to complain with reference thereto."

We conclude the minor or formal changes made to some parts of the new Des Moines zoning ordinance, upon its third reading, did not invalidate the provisions affecting plaintiff's property.

V. Plaintiff charges zoning Ordinance No. 5453 is arbitrary, discriminatory and confiscatory, as to plaintiff's property, and hence is invalid. This complaint is based upon the change of the zoning of plaintiff's lots from commercial to residential.

A zoning ordinance is for the purpose of promoting the public health, safety, general welfare, etc., and represents an exercise of the police power by a municipality in its governmental capacity. Every zoning regulation affects property already owned by individuals and causes some curtailment of the rights of such owners by restricting prospective uses. Thus it may be said to lay an uncompensated burden upon some property owners. However, this is not regarded as depriving the owner of his property or such use of it as he may desire to make. It is merely a restraint upon the use for the protection of the general well-being, that is, to prevent harm to the public. In determining the validity of such police regulations the prime consideration must be the general purpose and relationship of the ordinance and not the hardship of an individual case. Boardman v. Davis, 231 Iowa 1227, 3 N.W.2d 608.

Plaintiff testified the lots would have a market value much greater as commercial than as residential property. This

is a circumstance, present in many cases, which, although entitled to consideration, is not controlling. Geneva Inv. Co. v. City of St. Louis, 8 Cir., Mo., 87 F.2d 83, 90; Village of Euclid v. Ambler Realty Co., 272 U. S. 365, 47 S. Ct. 114, 71 L. Ed. 303, 54 A. L. R. 1016, 1023; 58 Am. Jur., Zoning, section 140; McQuillin, Municipal Corporations, Third Ed., section 25.44.

 Mr. Anderson, who supervised the preparation of the zoning map and classification of plaintiff's lots, testified he made a study of the property, knew it had been zoned commercial since 1926 and remembered there was an older building like a garage or barn towards the rear. That the use of this old building may have been commercial would not, however, give such character to other parts of the lots. McJimsey v. Des Moines, 231 Iowa 693, 2 N.W.2d 65; Granger v. Board of Adjustment, 241 Iowa 1356, 44 N.W.2d 399.

The frontage of plaintiff's lots on Urbandale is 305 feet, approximately half the length of the block. Plaintiff testified that in 1926 when he purchased the lots "that was all a cornfield out there with very few residences * * *." The 1926 zoning ordinance had zoned, as commercial, a district including the four corners at Fiftieth and Urbandale and extending east to include the four corners at Forty-ninth and Urbandale. However, the use of the property surrounding plaintiff's lots was never commercial. Plaintiff testified that immediately to the east of his lots toward Forty-ninth Street and in the same block as his lots, there are three duplexes and one or two single houses. Immediately north of plaintiff's lots and in the same block are residences which face west on Fiftieth Street. There are residences on the south side of Urbandale opposite plaintiff's lots. The other corners of the intersection at Fiftieth and Urbandale are likewise occupied by dwelling houses. The record shows there is a gasoline station on the southwest corner of the intersection of Forty-ninth and Urbandale, west of which, we are told in argument, is a street railway substation and a beauty parlor.

Although the four corners at Fiftieth and Urbandale had been zoned commercial for more than a quarter of a century they were never used for that purpose. The plan of that zoning ordinance for the use of that intersection as a retail shopping district had not worked out. Instead, it had developed into a

residential district. Dwellings had been built or were in the course of construction upon practically all the lots in the immediate vicinity. Plaintiff's lots were surrounded by residences.

The strong presumption in favor of a legislative act applies as well to zoning ordinances, and if the validity of the legislative classification for zoning purposes be fairly debatable, the legislative judgment must be allowed to control. Village of Euclid v. Ambler Realty Co., 272 U. S. 365, 47 S. Ct. 114, 71 L. Ed. 303, 54 A. L. R. 1016, 1025; City of Des Moines v. Manhattan Oil Co., 193 Iowa 1096, 1117, 184 N.W. 823, 188 N.W. 921, 23 A. L. R. 1322; Geneva Inv. Co. v. City of St. Louis, 8 Cir., Mo., 87 F.2d 83, 89 to 91; Kiges v. City of St. Paul, 240 Minn. 522, 531, 62 N.W.2d 363, 370; City of Corpus Christi v. Jones, Tex. Civ. App., 144 S.W.2d 388, 398 et seq.; Yokley, Zoning Law and Practice, Second Ed., sections 33 and 37; 58 Am. Jur., Zoning, sections 16 and 21. Similar, in effect, are statements that provisions of a zoning ordinance will not be held invalid unless they clearly appear to be arbitrary and unreasonable. Boardman v. Davis, 231 Iowa 1227, 1231, 3 N.W.2d 608; Keller v. Council Bluffs, 246 Iowa 202, 207, 208, 66 N.W.2d 113, 116, 117.

The record in this case does not show the change in the zoning of this intersection was arbitrary or unreasonable. Nor can the legislative act of the council which prevented the erection of a commercial building in the midst of residences, on that account, properly be considered as confiscatory in its application to the property in question.

The city council, in determining and establishing this and other zones, acted within the scope of the police power and as authorized by statute. Hence, courts will not substitute their judgment as to the wisdom or propriety of such action for that of the city council. Various circumstances tend to support the propriety and wisdom of the legislative classification of these lots as residential. We are satisfied that question was, at least, fairly debatable.

VI. Plaintiff maintains the revocation of the building permit was in violation of his vested rights. In the summer of 1952 there had been certain preliminary activities of the City

Plan and Zoning Commission and some public meetings, with reference to a new zoning ordinance. September 10, 1952, plaintiff secured a building permit to erect a commercial building upon his lots. Plaintiff had plans drawn and took bids for construction but no work was done. He testified he did not proceed because he was then unable to secure automatic gas heat. His building permit expired March 10, 1953.

In the meantime the proposed new zoning ordinance had been presented and further public meetings held to consider it. Plaintiff knew it was proposed to reclassify his property as residential. His objections were overruled. May 14, 1953, he had secured a new building permit in the form of a renewal of the first permit. However, no work of any kind was done upon the premises and plaintiff's building permit was revoked August 6, 1953.

 Keller v. Council Bluffs, 246 Iowa 202, 212, 213, 66 N.W.2d 113, 119, states: "The theory of vested rights relates only to such rights as an owner of property may possess not to have his property rezoned after he has a building permit and has started his construction or improvement."

Huff v. Des Moines, 244 Iowa 89, 95, 56 N.W.2d 54, 57, states: "Almost from the date of the building permit * * * and well prior to any change in the ordinance, appellants knew steps were being taken to restrict, if not prohibit, the construction of the park. In the face of this they deliberately went ahead with their project. We find no vested rights in appellants nor equitable circumstances * * *."

Some other authorities are: Des Moines v. Manhattan Oil Co., 193 Iowa 1096, 1102, 184 N.W. 823, 188 N.W. 921, 23 A. L. R. 1322; Call Bond & Mortgage Co. v. Sioux City, 219 Iowa 572, 581, 259 N.W. 33; Kiges v. City of St. Paul, 240 Minn. 522, 534, 535, 62 N.W.2d 363, 372 et seq.; City of Harrisburg v. Pass, 372 Pa. 318, 93 A.2d 447; City of Lansing v. Dawley, 247 Mich. 394, 225 N.W. 500; Brett v. Building Commissioner, 250 Mass. 73, 145 N.E. 269; Fox Lane Corp. v. Mann, 216 App. Div. 813, 215 N. Y. S. 334, 243 N. Y. 550, 154 N.E. 600; 58 Am. Jur., Zoning, section 185.

The trial court concluded that in the absence of any actual construction by plaintiff under his building permit its revocation

was not in violation of his vested rights. We agree with that conclusion.

The judgment of the trial court is affirmed.—Affirmed.

All JUSTICES concur.