Ralph Keppy et al., appellants, v. Henry C. Ehlers, chairman of Scott County Board of Supervisors, et al., appellees; Knickrehm Corporation, intervenor-appellee.

No. 50594.

May 8, 1962.

Eckerman, McFerren & Fair, of Davenport, for appellants.

Norman M. Peterson, of Davenport, for defendants-appellees.

Lambach, Shorey & Plath, of Davenport, for intervenor-appellee.

HAYS, J.—As authorized by chapter 358A, Code of Iowa and amendments thereto, Scott County enacted a zoning ordinance in 1947. Pursuant thereto the unincorporated areas were divided into nine districts, classified as residential, rural, limited business, business, light industry, and heavy industry with detailed regulations for each district. Under the comprehensive plan then adopted, all rural territory, at least in Sheridan Township, with a few exceptions, was classified as "E" Rural, thus restricting its use to agricultural uses. It was sort of a hold-the-line policy with future changes to be made as applications for such changes were made and the result was a piecemeal method of altering the existing classifications.

The specific issue here involves the reclassification of a twenty-acre tract in Sheridan Township from "E" Rural to "H" Light Industry. It is located approximately at the interchange of Interstate No. 80 and Iowa Highway No. 150. It came about by application being made for such change by Knickrehm Corporation, intervenor, which held this tract together with adjoining 150 acres under an option to purchase. A prior application to reclassify the entire 170 acres was rejected.

The record shows that the land in the vicinity of this interchange, including the twenty acres, is considered to be top agricultural land, with approximately the same topography and value per acre. It is likewise equally adaptable to light industry.

Chapter 358A, County Zoning, is basically patterned after chapter 414, entitled Municipal Zoning. It provides that such zoning shall be done in accordance with a comprehensive plan and designed to lessen congestion in the street or highway; to secure safety from fire, panic and other dangers; to protect health and the general welfare; to provide adequate light and air; to prevent the overcrowding of land; to avoid undue concentration of population; to facilitate the adequate provision of transportation, water, sewerage, schools, parks and other public requirements. The statute also provides that to secure such conditions, the county, or any area or areas within the county, may be divided into districts and within such districts it may regulate and restrict the erection, construction, reconstruction, alteration, repair, or use of buildings, structures or land. All such regulations shall be uniform for each class or kind of build-

ings throughout the district but may differ between districts. Such regulations shall be made with reasonable consideration as to the character of the area of the district and the peculiar suitability of such area for particular uses.

The record is clear that with the establishment of Interstate No. 80, situations, not originally foreseen, have arisen and the location of the interchange between No. 80 and Iowa Highway No. 150 has made land in this vicinity adaptable to a different classification, as well as "E" Rural. Does the reclassification of this twenty acres, irrespective of the fact that land adjacent thereto is likewise situated, constitute an illegal spot zoning?

In Hermann v. City of Des Moines, 250 Iowa 1281, 97 N.W. 2d 893, we had a somewhat similar situation except it dealt with city zoning. We there held that a city council does not have authority to amend a comprehensive zoning law so as to remove or impose less onerous restrictions upon a small tract or lot similar in character and use to the surrounding porperty; that restrictions not bearing alike on all persons living in *the same territory under similar conditions and circumstances* are discriminatory and will not be upheld.

The better rule is that there must be substantial and reasonable grounds or basis for the discrimination when one lot or tract is singled out in an amendatory ordinance removing therefrom restrictions imposed upon the remaining portions of the same zoning district. See Keller v. City of Council Bluffs, 246 Iowa 202, 66 N.W.2d 113, 51 A. L. R.2d 251.

We feel it must be recognized that in county zoning a more complex question is presented in dealing with agricultural lands, with the wide open spaces, than in the more congested urban communities. We realize that the change in conditions in the vicinity of the new interchange creates a reason for a reclassification in this area. But where it appears, as it does here, that such reclassification is largely dependent upon an application being made as to a certain tract, without regard to other tracts in the same area, similar in location to interchange; similar in adaptability to either rural or light industry use; and similar in value, it must be said that plan is evidence of a lack of a comprehensive plan within the purview of the statute. While

the size of the tract involved is not too material it is of primary importance whether such tract has a peculiar adaptability or is merely carved out of a similar tract or area equally suited to the requested reclassification. Such is the situation here and results in illegal "spot zoning". See Wilkins v. City of San Bernardino, 29 Cal.2d 332, 175 P.2d 542; Guerriero v. Galasso, 144 Conn. 600, 136 A.2d 497; Kozesnik v. Montgomery Twp., 24 N. J. 154, 131 A.2d 1; Keller v. City of Council Bluffs, supra, 246 Iowa 202, 66 N.W.2d 113, 51 A. L. R.2d 251; Brackett v. City of Des Moines, 246 Iowa 249, 67 N.W.2d 542; Hermann v. City of Des Moines, supra, 250 Iowa 1281, 97 N.W.2d 893.

We hold the amendment in question is discriminatory between citizens owning similar tracts of land and is illegal.

The decree of the trial court should be and is reversed.— Reversed and remanded for decree in accord herewith.

All JUSTICES concur except MOORE, J., who takes no part.