Lawrence P. JAFFE and Jane M. Jaffe, Appellees,

v.

CITY OF DAVENPORT, a Municipal Corporation, Rex C. Matthews and Cliff Bourdeau, Appellants,
and
Eagle Food Centers, a Maryland Corporation, and John A. Kollias, Intervenors-Appellants.

No. 54063.

Supreme Court of Iowa.

Sept. 2, 1970.

City of Davenport which amended the comprehensive zoning ordinance by changing a portion of a tract of ground owned by intervenor John Kollias from R–5 residential to C–1 neighborhood shopping center. The other intervenor, Eagle Food Centers, has an option to purchase the rezoned tract. The trial court held the ordinance constituted illegal spot zoning, declared it void and enjoined any action thereunder. Defendants and Eagle Food Centers appealed. We reverse.

We have considered several zoning cases recently. Hanna v. Rathje (Iowa, 1969), 171 N.W.2d 876; Anderson v. City of Cedar Rapids (Iowa, 1969), 168 N.W.2d 739; DePue v. City of Clinton (Iowa, 1968), 160 N.W.2d 860; Keppy v. Ehlers (1962), 253 Iowa 1021, 115 N.W.2d 198; Plaza Recreational Center v. City of Sioux City (1961), 253 Iowa 246, 111 N.W.2d 758; Hermann v. City of Des Moines, (1959), 250 Iowa 1281, 97 N.W.2d 893; Brackett v. City of Des Moines (1954), 246 Iowa 249, 67 N.W.2d 542; Keller v. City of Council Bluffs (1954), 246 Iowa 202, 66 N.W.2d 113.

■■■ The legislature has given municipalities the power to enact and amend zoning ordinances under their police power. Chapter 414, 1966 Code of Iowa; Anderson v. City of Cedar Rapids, supra, 168 N.W.2d at 742; Plaza Recreational Center, supra, 253 Iowa at 251, 111 N.W.2d at 762; City of Bloomfield v. Davis County Community School District (1963), 254 Iowa 900, 903, 119 N.W.2d 909, 911. Such ordinances are entitled to the same presumption of validity as other legislative enactments and if their reasonableness is fairly debatable, the court will not interfere with the action of the zoning authority by substituting its judgment for that of the legislative body. Hanna v. Rathje, supra, 171 N.W.2d at 880 and citations; Plaza Recreational Center v. City of Sioux City, supra, 253 Iowa at 252, 111 N.W.2d at 763; Hermann v. City of Des Moines, supra, 250 Iowa at 1285, 97 N.W.2d at 895; Brackett v. City of Des Moines (1954), 246

Richard A. Larsen, Asst. City Atty., for appellants.

Wells, Brubaker & de Silva, Davenport, for appellees.

Doerr, Dower & Rehling, Davenport, for Eagle Food Centers.

STUART, Justice.

This is an action in equity attacking the validity of Ordinance Number 30600 of the

Iowa 249, 260, 67 N.W.2d 542, 547; Keller v. City of Council Bluffs, supra, 246 Iowa at 206–207, 66 N.W.2d at 116; McQuillin, Municipal Corporations Vol. 8A §§ 25.278, 25.279, 25.281, 25.295.

█ The party asserting the invalidity of a zoning ordinance not invalid on its face has the burden of proving it is arbitrary, unreasonable or discriminatory by showing it has no real or substantial relation to the public health, comfort, safety or welfare. Hanna v. Rathje, supra, 171 N.W.2d at 880; Anderson v. City of Cedar Rapids, supra, 168 N.W.2d at 742; Plaza Recreational Center v. City of Sioux City, supra, 253 Iowa at 253, 111 N.W.2d at 763; Hermann v. City of Des Moines, supra, 250 Iowa at 1285, 97 N.W.2d at 895; McQuillin, supra, vol. 8A §§ 25.279, 25.296, 25.310.

Spot zoning results when a zoning ordinance creates a small island of property with restrictions on its use different from those imposed on the surrounding property. Keller v. City of Council Bluffs, supra, 246 Iowa at 206, 66 N.W.2d at 116; McQuillin, supra, Vol. 8 § 25.83 p. 223.

█ The term is descriptive, rather than legal, and although such action is not looked upon with favor by the courts, it is not necessarily illegal. Hermann v. City of Des Moines, supra, 250 Iowa at 1285, 97 N.W.2d at 895; Keller v. City of Council Bluffs, supra, 246 Iowa at 213–214, 66 N.W.2d at 120; McQuillin, supra, Vol. 8 § 25.83 p. 223, § 25.84 p. 231.

█ If the ordinance constitutes piecemeal or haphazard zoning of a small tract of land similar in character and use to the surrounding property for the benefit of the owner and not pursuant to a comprehensive plan for the general welfare of the community, it is arbitrary, unreasonable and invalid. Anderson v. City of Cedar Rapids, supra, 168 N.W.2d at 744; Keppy v. Ehlers, supra, 253 Iowa at 1023, 115 N.W.2d at 200; Hermann v. City of Des Moines, supra, 250 Iowa at 1284, 1288, 97 N.W.2d at 895, 897; Keller v. City of Council Bluffs, supra, 246 Iowa at 206, 66 N.W.2d 116;

McQuillin, supra, Vol. 8 § 25.83, pp. 223–227.

██ Spot zoning is valid if it is germane to an object within the police power and there is a reasonable basis for making the distinction between the spot zoned and the surrounding property. Keppy v. Ehlers, supra, 253 Iowa at 1023, 115 N.W.2d at 200; Hermann v. City of Des Moines, supra, 250 Iowa at 1287, 97 N.W.2d at 896; Keller v. City of Council Bluffs, supra, 246 Iowa at 214, 66 N.W.2d at 120; McQuillin, supra, Vol. 8 § 25.84. The determination of this question is primarily a legislative matter and is largely within the zoning authority's discretion.

█ The size of the spot zoned, the uses of the surrounding property, the changing conditions of the area, the use to which the subject party has been put and its suitability and adaptability for various uses are all matters to be considered in determining whether there is a reasonable basis for singling out certain property from the neighboring property. Keppy v. Ehlers, supra, 253 Iowa at 1024, 115 N.W.2d at 200; Hermann v. City of Des Moines, supra, 250 Iowa at 1285–1287, 97 N.W.2d at 895–896; Keller v. City of Council Bluffs, supra, 246 Iowa at 206, 214, 66 N.W.2d at 116, 120; McQuillin, supra, Vol. 8 § 25.84.

█ Zoning is not static and any existing restrictions are subject to reasonable revision as the need appears and the ordinances may be amended any time circumstances and conditions warrant such action. Hanna v. Rathje, supra, 171 N.W.2d at 879; Anderson v. City of Cedar Rapids, supra, 168 N.W.2d at 743.

Each case must be decided on its own facts. Keller v. City of Council Bluffs, supra; McQuillin, supra, Vol. 8A § 25.282. The difficulty lies not with the law set out above but with its application to the facts of this case, which follow.

█ The real estate in question has been zoned R–5, single family dwelling dis-

trict since 1925 as part of the comprehensive plan for Davenport. On November 15, 1967 the City Council passed ordinance number 30600 reclassifying and rezoning it as C–1 neighborhood shopping district.

The rezoned property is a tract of over two acres approximately 222 feet wide and 435 feet long located on the southeast corner of the intersection of Locust Street and Lincoln Avenue in Davenport. Both streets are heavily traveled four-lane thoroughfares. Locust Street is one of the main cross-town streets. Lincoln Avenue connects the residential areas to the manufacturing districts to the north. The traffic at the intersection is controlled by a traffic signal.

The rezoned tract is in an older residential area, but has always been undeveloped and is used as a truck garden. It is bordered on the east and south by other small vacant tracts of land zoned R–5. For about six blocks east, six blocks north, 16 blocks south and one and one-half blocks west the real estate is used for residential purposes except for two non-conforming uses two blocks east.

Westfair Shopping Center and several other small stores are located in an area zoned C–1 and C–2 starting about 400 feet west of the intersection. There is some undeveloped land in these zones over three blocks west. The population in this portion of the city has increased greatly in recent years and the trend is expected to continue. The real estate manager for Eagle Food Centers testified that the area within a mile of the intersection was "understored" about 50%.

Kollias made unsuccessful efforts to have the property rezoned in May 1959, January 1963, March 1963, December 1964 and December 1965. In 1964 or 1965 Lincoln Avenue was straightened and widened to four lanes. Locust Street was widened to four lanes all across Davenport in 1967 and 1968. In 1965 57.2% of the area and 34 property owners within the required limits protested the rezoning. In 1968 resistance dropped to 24.8% of the area and 26 owners.

Witnesses for both sides agree the tract in question is most suitable for commercial development. The increased volume of traffic and the accompanying noise, odors and dangers make it less desirable for residential purposes. Although there was evidence the neighborhood was stable, there was also evidence Locust Street is becoming commercial its entire length. It is difficult to sell residences on Locust for residential purposes. One witness testified this plot would probably never be developed for residential use.

The director of the city planning commission was a witness for plaintiffs. He did not feel the widening of the streets indicated a change in the acceptability of the property for single family dwellings. On cross-examination he testified:

"As a matter of zoning policy, I am in favor of commercial development on major intersections and Lincoln and Locust is a major intersection.

"The highest and best use of the subject property is commercial.

"I do not suggest that the City Council was wrong in rezoning this property even though I cannot agree with it."

The action taken by the council under ordinance 30600 constituted spot zoning. However, we do not believe it acted unreasonably, arbitrarily or capriciously. There was a reasonable basis for differentiating between this tract of ground and the surrounding tracts.

The comprehensive zoning ordinance contemplated and authorized this type of action. Article XVI of the Zoning Ordinance of 1964 for the City of Davenport states that a C–1 Neighborhood Shopping District "is intended to provide for individual or small groups of retail and customer service establishments serving primarily the con-

venience of a local neighborhood, and the character, appearance, and operation of which are compatible with the character of the surrounding area". Therefore, it can hardly be argued that the designation of a small area for this purpose violates the spirit and intent of the city zoning scheme.

Under the evidence the council could very well have taken the view that the public would benefit by having an additional neighborhood shopping district in the area. It is a fast growing area that is "understored" at the present time. We recognized the advantages of a neighborhood shopping center in Anderson v. City of Cedar Rapids, supra. See also Mc-Quillin supra, § 25.115.

As the council could decide the need for this type of center existed, the question narrows to its action in designating this particular property to serve that public need. This particular tract seems well suited to serve that purpose. It is within a residential district but has never been used for residential purposes. Its location at a very busy intersection controlled by a traffic light makes it best suited for commercial development. This factor makes it undesirable for residential construction. Homes on Locust Street are hard to sell as residences and there is good reason to believe it will be commercial its entire length in the future. Therefore the designation of this area as commercial is not contrary to the spirit of the comprehensive plan. We cannot say it does not contribute to the general welfare of the community.

The difference in use provides a reasonable basis for zoning this tract C–1 while the other three corners of the intersection are left R–5. Residences are located on all lots similarly located and have been subjected to residential use for many years. Therefore they are not similar in character and use to the rezoned tract.

Although each case must be decided on its own facts a comparison with similar cases may be helpful in bringing some order to the decisions.

In Keller v. City of Council Bluffs (1954), 246 Iowa 202, 66 N.W.2d 113, we gave our approval to an amendment to a zoning ordinance which reclassified three lots on which was located a four story, 16 room residence in a single family dwelling district so the home could be used as a nursing home. The fact that the home had little or no appeal as a private home was given considerable weight. Here, the location of the vacant lot gave it little or no appeal for residential development. We believe there would be less adverse effect on this transitional neighborhood by placing a commercial development on a strategic corner than rezoning a large old dwelling in the middle of a residential area.

In Hermann v. City of Des Moines (1959), 250 Iowa 1281, 97 N.W.2d 893, we held an ordinance which rezoned one lot in the middle of a block surrounded by single family dwellings illegal spot zoning. We pointed out it was "similar in all respects of use, character, and adaptability to the surrounding property" and was used as a single family dwelling at the time of the change of zoning. This case is distinguishable because of the comparative sizes of the tracts rezoned, different uses to which the properties were being put, and the suitability for the usages permitted within the existing classification.

In Keppy v. Ehlers (1962), 253 Iowa 1021, 115 N.W.2d 198, we disapproved of an ordinance which rezoned one corner of an interstate intersection light industrial and left the other three corners agricultural when all the land had been similar in use and was equally adaptable to light industry.

Although Anderson v. City of Cedar Rapids (Iowa 1969), 168 N.W.2d 739, 743–745, is not strictly a spot zoning case as it involves the extension of a neighborhood shopping center, it contains language which expresses the modern approach toward shopping center zoning and the public bene-

fits which result. We reaffirm the language found therein without repeating it here.

We hold the reasonableness of ordinance number 30600 is fairly debatable and that the City Council of Davenport acted within proper legislative discretion. The ordinance does not violate the spirit of the comprehensive zoning plan. The council could reasonably conclude it contributed to the general welfare of the community. A reasonable basis existed for differentiating between the tract rezoned and the property located on the other three corners of the intersection. Therefore we hold the ordinance valid as the courts cannot substitute their judgment for that of the zoning authority.

The judgment of the trial court is reversed and the injunction dissolved.

Reversed.

MOORE, C. J., and LARSON, MASON, RAWLINGS, REES and UHLENHOPP, JJ., concur.

BECKER, J., dissents.

LeGRAND, J., takes no part.

BECKER, Justice (dissenting).

I respectfully dissent.

Judge Havercamp's trial court opinion reaches the real issue here:

"Ordinance Number 30,600 creates a C–1 Neighborhood Shopping Center District island completely surrounded by R–5 Single-Family Dwelling District. Additionally, the Ordinance in rezoning this tract, segregates a portion of undeveloped R–5 land from other undeveloped R–5 land. The property rezoned by this Ordinance is similar in character, adaptability and use to such surrounding undeveloped property, and in fact, to the surrounding developed property of similar R–5 classification. Nothing is shown by the evidence which lead to the conclusion that the rezoned tract is somehow distinguishable from the undeveloped R–5 area adjacent thereto, upon which restrictions are still maintained. It is necessary to be able to draw such conclusion from the evidence in order to justify any reasonable belief that the circumstances considered by the Council created a fairly debatable issue and the City acted in other than an arbitrary and capricious manner in enacting the Ordinance. It is obvious that the traffic is as heavy past the rezoned property as past the undeveloped R–5 adjacent property left unchanged. It is equally obvious that such undeveloped R–5 land is as vulnerable to àll the other variables considered by the City in passing the Ordinance.

"When one parcel or tract is singled out in an amendatory ordinance removing therefrom restrictions imposed upon the remaining portions of the same zoning district, there must be substantial and reasonable grounds for such discrimination. It is of primary importance whether this tract of land has a peculiar adaptability or is merely carved out of a similar tract or area equally suited to the requested reclassification. See Keppy v. Ehlers, *Supra*, 253 Iowa 1021, 115 N.W.2d 198.

"The Court holds that the rezoning of this tract, irrespective of the fact that land adjacent thereto is likewise situated, constitutes an illegal spot zoning."

There is little more to be said. Had the other land similarly situated been rezoned at the same time, I believe the action would have been legal. Absent such action this is clearly a case of discriminatory spot zoning. The trial court's judgment should be sustained.