VELIE OUTDOOR ADVERTISING OF SIOUX CITY, INC., Appellee,

v.

CITY OF SIOUX CITY, Iowa, a Municipal Corporation, et al., Appellants.

No. 2–57809.

Supreme Court of Iowa.

April 20, 1977.

James L. Abshier, City Atty., Sioux City, and Richard F. Babcock and Clifford L. Weaver, of Ross, Hardies, O'Keefe, Babcock & Parsons, Chicago, Ill., for appellants.

John B. Anderson, of Corbett, Corbett & Anderson, Sioux City, for appellee.

Heard before MOORE, C. J., and REES, REYNOLDSON, HARRIS and McCORMICK, JJ.

HARRIS, Justice.

On July 29, 1974, Sioux City (the city) substantially changed its ordinances relating to signs. As amended these provisions were collected and adopted by ordinance as a municipal sign code. The procedure employed in this adoption comported with the requirements of chapter 414, The Code, 1973. The adoption procedure however did not comport with the provisions of chapter 373, The Code, 1973 (since repealed). This action was brought by plaintiff sign company (Velie) to test the legality of the new sign code. The trial court held the sign code was invalid because it was not adopted in accordance with chapter 373 amendment procedures. We do not believe the city was obliged to comply with the amendment procedures of chapter 373. We accordingly reverse the trial court and remand.

Prior to its adoption the sign code was referred to the Sioux City plan and zoning commission which recommended against its adoption. Nevertheless the city council adopted the sign code by a vote of 3–2.

The city council vote would be significant if compliance with chapter 373 had been required. Three sections of chapter 373 are significant. Section 373.18 provided:

"For the purpose of making a comprehensive plant for the physical development of the municipality, the city plan commission shall make careful and comprehensive studies of present conditions and future growth of the municipality and with due regard to its relation to neighboring territory. The plan shall be made with the general purpose of guiding and accomplishing a co-ordinated, adjusted, and harmonious development of the municipality and its environs which will, in accordance with present and future needs, best promote health, safety, morals, order, convenience, prosperity, and general welfare, as well as efficiency and economy in the process of development."

Section 373.19 provided that before any chapter 373 comprehensive plan was adopted or substantially amended the commission was to hold at least one public hearing and give notice thereof. Adoption or substantial amendment required approval by two-thirds of the members of the commission. Adoptions or amendments were then certified to the council of the municipality for their approval.

Section 373.20 provided:

"When such comprehensive plan has been adopted as above provided for, no substantial amendment or modification thereof shall be made without such proposed change being first referred to the city plan commission for its recommendation. If the city plan commission disapproves the proposed change, it may be adopted by the city council *only by the affirmative vote of at least three-fourths of all the membership of such council*." (Emphasis added.)

Chapter 414 provides for municipal zoning. Section 414.6 authorizes the establishment of a zoning commission. Sections 414.1 through 414.5 establish the commission's powers, prescribe the requirements for adoption of zoning ordinances and define procedural requirements for amending zoning ordinances.

I. Section 414.3 requires zoning regulations "be made in accordance with a comprehensive plan". Does this language mean the sign code was subject to the amendment procedures specified in chapter 373?

Rampant confusion reigns on the relationship between a comprehensive plan promulgated by a city plan commission (see chapter 373) and a comprehensive plan requirement in a system for municipal zoning (see chapter 414). The confusion is compounded where authority is given to add the functions of the zoning commission to the city plan commission. Section 414.6. Sioux City has such a dual commission. Even though the two commissions are combined it is important to distinguish the two roles. See Haar, In Accordance With A Comprehensive Plan, 68 Harv.L.Rev. 1156 where it is said:

" * * * The city master plan is a long-term, general outline of projected development; zoning is but one of the many tools which may be used to implement the plan. Warnings have constantly emanated from the planners that the two must not be confused. 'Instead of being itself the city plan, for which unfortunately it is often mistaken,' says one of the early standard works in the field, 'zoning is but one of the devices for giving effect to it.' " See also *Sabo v. Township of Monroe*, 394 Mich. 531, 232 N.W.2d 584 (Mich.1975); 8 McQuillin Municipal Corporations, Rev. Third Ed., § 25.-08, pp. 23–25; Pomeroy, Zoning Policies and Policy Statements, 12 Zoning Digest 321 (1960); 40 A.L.R.3d 372, 380–381; 101 C.J.S., Zoning, § 30, pp. 735–737; 82 Am. Jur.2d, Zoning and Planning, §§ 69–70, pp. 501–506.

We have not previously determined the relationship between chapter 373 and chapter 414. In a number of cases, without mentioning chapter 373, we have indicated chapter 414 governs zoning by municipalities. See *B. & H. Investments, Inc. v. City of Coralville*, 209 N.W.2d 115, 117 (Iowa 1973); *Jaffe v. City of Davenport*, 179 N.W.2d 554, 555 (Iowa 1970); *City of Des Moines v. Lohner*, 168 N.W.2d 779, 782 (Iowa 1969); *DePue v. City of Clinton*, 160 N.W.2d 860, 861 (Iowa 1968); *Brackett v. City of Des Moines*, 246 Iowa 249, 67 N.W.2d 542 (1954); *Keller v. City of Council Bluffs*, 246 Iowa 202, 66 N.W.2d 113 (1954). See also 50 Iowa L.Rev. 367, 376 (1965).

Velie's argument that the amendment procedures of chapter 373 were requirements for adoption of the sign code rests primarily on its interpretation of two cases, *Smith v. City of Fort Dodge*, 160 N.W.2d 492 (Iowa 1968) and *Plaza Recreational Center v. Sioux City*, 253 Iowa 246, 111 N.W.2d 758 (1961). In *Smith, supra*, 160 N.W.2d at 496–497 we considered a contention that a recommendation of a planning commission was illegally adopted because it was made without a public hearing. We pointed to the requirements for public hearing in both sections 373.19 and 414.6. We noted the provisions were corollaries of one

another but rejected the contention because the modifications were not significant. We said:

"As indicated, we are satisfied the requirements of sections 373.19 and 414.6 are restricted to the original comprehensive zoning ordinance and to 'substantial' amendments, which means general modification of the zoning districts or regulations in that law, not isolated, minor, or individual changes such as appear herein."

Although it might be argued the quoted language indicates both chapters 373 and 414 were applicable to amendments of a zoning ordinance, that question was not involved in *Smith*. *Smith* simply held neither § 373.19 nor § 414.6 were applicable to isolated, minor, or individual changes. It did not reach the consideration of any relationship between the two chapters. Neither do we believe *Plaza Recreational Center, supra*, supports Velie's contention.

From these authorities we conclude the phrase "be made in accordance with a comprehensive plan" does not subject zoning amendments to chapter 373 amendment requirements which are essentially procedural in nature. The phrase was intended as a substantive requirement. It was not intended to impose additional procedural requirements.

■ II. Is the sign code a chapter 373 comprehensive plan? There is no contention the sign code was at odds with an existing chapter 373 plan. Rather Velie contends the sign code is itself a chapter 373 plan and is therefore subjected to chapter 373 amendment requirements. In disputing this issue the city offered evidence to show its chapter 373 plan was the "general plan to 1990, Sioux City, Iowa" adopted May 24, 1971. This plan was referred to in the record as the SIMCO plan.

The SIMCO plan seems consistent with the description of a comprehensive plan as laid down by *Haar, supra*, 68 Harv.L.Rev. at 1155. It is " * * * a 'comprehensive, long-term general plan' for the physical development of the community, [which] embodies information, judgments, and objectives collected and formulated by experts to

serve as both a guiding and predictive force. Based on comprehensive surveys and analysis of existing social, economic, and physical conditions in the community and of the factors which generate them, the plan directs attention to the goals selected by the community from the various alternatives propounded and clarified by planning experts, and delimits the means (within available resources) for arriving at these objectives * * *."

The trial court held the SIMCO plan could not be the chapter 373 plan for the following reasons:

" * * * This is a far reaching plan developed through a federal grant from the department of housing and urban development. It covers not only Sioux City but parts of Dakota County, Nebraska, Union County, South Dakota, and Woodbury County, Iowa, outside of Sioux City. Its concern is not primarily with the problems of the orderly development and control of the present and potential use of property in Sioux City but the exploration of the possible development of what might be called 'metropolitan Sioux City'. It cannot be said to be a 'comprehensive plan' within the contemplation of the statute." The difficulty with this reasoning is § 373.18 specifically states the municipality "and its environs" is the area properly considered in a comprehensive plan. The trial court's criticism is at odds with § 373.18.

Velie attempts to support the trial court's holding by arguing the SIMCO plan could not be the comprehensive plan because of its late adoption (May 24, 1971). We are also unpersuaded by this argument. There is nothing in the record to indicate the absence of a prior chapter 373 comprehensive plan. We note a municipality was not required to have *any* chapter 373 comprehensive plan. See § 373.1. If Sioux City had such an existing plan the SIMCO plan could have supplanted it. If Sioux City had no such existing plan the SIMCO plan could have become one.

On our de novo review we find the SIMCO plan, from its adoption May 24, 1971, was the city's chapter 373 comprehensive plan. The sign code was not a chapter 373 comprehensive plan.

We hold chapter 373 amendment procedures were inapplicable to the adoption of the sign code. We also hold the sign code is not a chapter 373 plan. The trial court erred in holding otherwise.

The judgment of the trial court is reversed and the cause remanded for further proceedings in compliance herewith.

REVERSED AND REMANDED.