Larry LITTLE, Norene Little, Doris Spies, Donald Spies, Mary Schmidt, Frank T. Lawrick, Darrell Thompsen, Clarice Thompsen, and Warren Hamilton, Appellees,

v.

Edwin WINBORN, Chairman of the Scott County Board of Supervisors, James Hancock, William Fennelly, Forrest Kilmer, and Robert Petersen, Individually and as Members of the Scott County Board of Supervisors, and Philip J. Rovang, Zoning Administrator of Scott County, Iowa, Defendants,

Davenport Shooting Association, Appellant.

No. 93–352.

Supreme Court of Iowa.

June 22, 1994.

Rehearing Denied July 25, 1994.

Richard A. Davidson of Lane & Waterman and Stephen L. Schalk of Schalk Law Offices, Davenport, for appellant.

James T. Carlin of Carlin, Hellstrom & Bittner, Davenport, for appellees.

Theodore J. Priester, Asst. County Atty., for defendants.

Considered by McGIVERIN, C.J., and CARTER, LAVORATO, SNELL, and TERNUS, JJ.

TERNUS, Justice.

The Scott County Board of Supervisors rezoned a 223–acre parcel of agricultural land. Neighboring landowners filed a petition for writ of certiorari challenging the rezoning. The district court found the rezoning ordinance invalid and the owner of the rezoned property appealed. Because we think the rezoning constituted illegal spot zoning, we affirm.

## I. *Background Facts and Procedures.*

In September 1991, the Davenport Shooting Association (Association) petitioned the Scott County Zoning and Planning Commission (Commission) to consider rezoning a 223–acre parcel of land. The land was zoned Agricultural One—agricultural protection district (A–1) and the Association wanted it rezoned Agricultural Two—agricultural district (A–2). The 223–acre parcel was surrounded by land zoned A–1. In its rezoning petition the Association stated that it intended to build two uninhabited structures on the land for recreational club use, the balance of the land to remain in its agricultural state.

The Commission held two public hearings to consider the petition. The Association explained that rezoning the property was necessary because the Association planned to build a shooting house and a target house on the property.

Several adjacent property owners addressed the Commission and expressed their opposition to the rezoning. They feared the shooting range would be loud, the noise would bother their livestock, and the shooting range would cause more activity in the area. They argued that the land should stay in tillage and that the two structures proposed to be built on the parcel posed a fire hazard. The Association responded that the two buildings would take less than five acres of land out of agricultural production and would create a minimum fire hazard.

Philip Rovang, the Planning Director, recommended approval of the rezoning petition. After the second public hearing, three members of the Commission voted in favor of rezoning and three members voted against.

The Commission forwarded its report to the Board of Supervisors.

The Board of Supervisors held a public hearing on the rezoning petition and received comments similar to those made at the hearings before the Commission. The Board voted 3 to 2 to approve the petition.

A petition for writ of certiorari was filed with the district court by the neighboring landowners. The district court concluded the zoning ordinance was invalid and sustained the writ. The court held that Iowa Code section 358A.8 (1991) required an affirmative recommendation of the rezoning petition by the zoning commission before the petition could be considered by the Board. Because the Commission's tie vote was not an approval under the Commission's bylaws, the court concluded that the Commission had not recommended the rezoning so as to allow the Board to vote on the petition.

The district court also found that the Board's rezoning of the Association's property effectively granted the Association approval for a shooting range. The court concluded that the Board's action did not comply with Iowa Code section 657.9 which sets out the procedure for approval of a shooting range. Consequently, the court invalidated the rezoning for failing to meet the requirements of section 657.9.

The neighboring landowners also contended that the rezoning constituted illegal spot zoning. The district court did not rule on that contention.

The Association appeals from the district court's ruling.

## II. *Scope of Review.*

Our review of a district court certiorari ruling is for errors of law. *City of Grimes v. Polk County Bd. of Supervisors,* 495 N.W.2d 751, 752 (Iowa 1993). "In reviewing amendments to zoning ordinances, we presume they are valid and if their reasonableness is fairly debatable, we will not substitute our judgment for that of the legislative body." *Montgomery v. Bremer County Bd. of Supervisors,* 299 N.W.2d 687, 692 (Iowa 1980). Thus, the Board's action will be upheld if it is supported by competent and substantial evidence. *Id.*

## III. *Commission's Recommendation.*

We first decide whether the zoning commission must approve a petition for rezoning as a prerequisite to consideration of the petition by the county board of supervisors. The district court concluded that the Commission's approval was required. We think that the relationship between the Commission and the Board as well as the language of the statute do not support this conclusion.

Section 358A.8 provides:

> In order to avail itself of the powers conferred by this chapter, the board of supervisors shall appoint a commission ..., to be known as the county zoning commission, to *recommend* the boundaries of the various original districts, and appropriate regulations and restrictions to be enforced therein. Such commission shall, with due diligence, prepare a preliminary report and hold public hearings thereon before submitting its final report; and the board of supervisors shall not hold its public hearings or take action until it has received the final report of such commission. After the adoption of such regulations, restrictions, and boundaries of districts, the zoning commission *may,* from time to time, *recommend* to the board of supervisors amendments, supplements, changes or modifications....

Iowa Code § 358A.8 (1991) (emphasis added) (now recodified at Iowa Code § 335.8 (1993)).

■ Under our zoning law the zoning commission is the recommending body and the board of supervisors is the legislative body. *Bowen v. Story County Bd. of Supervisors,* 209 N.W.2d 569, 571 (Iowa 1973); *see* 8A E. McQuillin, *Municipal Corporations* § 25.226 (3d ed. rev.1994) (hereinafter "McQuillin"). Thus, the county zoning commission is an *advisory* body. *Bowen,* 209 N.W.2d at 571. The board is not bound to accept the recommendation of the commission. *See* McQuillin, § 25.226.

■ Under the district court's interpretation of section 358A.8, the Commission would have the power to deny a petition for rezon-

ing and deprive the Board of its obligation to consider the petition. This interpretation is inconsistent with the distribution of power between the Commission and the Board as outlined above.

This interpretation is also inconsistent with the language of the statute. Section 358A.8 states that the commission "may ... recommend." The legislature's use of the word "may" shows its intention that the zoning commission is entitled to recommend amendments to the Board, not that it "must" make such a recommendation. *Compare* Iowa Code § 4.1(30)(c) ("The word 'may' confers a power.") *with* Iowa Code § 4.1(30)(b) ("The word 'must' states a requirement."). Furthermore, a "recommendation" is "an action which is advisory in nature rather than one having any binding effect." *Black's Law Dictionary* 1272 (6th ed. 1990). Therefore, we conclude section 358A.8 does not give the Commission a veto power over rezoning requests.

The trial court erred in ruling that an affirmative vote of the Commission is a prerequisite to the Board's consideration of a petition for rezoning. Consequently, the Board's action is not invalid on this basis.

### IV. *Approval of Shooting Range.*

█ Iowa Code section 657.9 (1991) provides:

> Before a person improves property to establish, use, and maintain a shooting range by the erection of buildings, breastworks, ramparts, or other works or before a person substantially changes the existing use of a shooting range, the person shall obtain approval of the county zoning commission or the city zoning commission, whichever is appropriate.

We do not think this statute is implicated here.

Although placement of a shooting range on the property was discussed at the public hearings, the petition for rezoning did not include a request for approval of a shooting range. Similarly, the minutes of the Commission do not reveal that the Association ever requested approval of a shooting range or that the Commission voted on that issue.

Moreover, the rezoning ordinance adopted by the Board did not mention a shooting range.

These facts show that approval of a shooting range was not sought nor was such approval given. Thus, section 657.9 has no bearing on the rezoning ordinance passed by the Board. Consequently, the Commission's failure to comply with section 657.9 does not invalidate the Board's rezoning ordinance.

### V. *Spot Zoning.*

We have rejected the reasons the district court found the ordinance invalid. However, "[w]e will affirm an appeal where any proper basis appears for the trial court's ruling, even though it is not the one upon which the court based its ruling." *Galloway v. Bankers Trust Co.,* 420 N.W.2d 437, 441 (Iowa 1988); *Citizens First Nat'l Bank v. Hoyt,* 297 N.W.2d 329, 332 (Iowa 1980). In their petition for certiorari and on this appeal, the adjacent landowners argued that the ordinance was invalid spot zoning. Therefore, we now consider this issue.

█ "Spot zoning results when a zoning ordinance creates a small island of property with restrictions on its use different from those imposed on the surrounding property." *Jaffe v. City of Davenport,* 179 N.W.2d 554, 556 (Iowa 1970). Spot zoning is not automatically invalid. 8 E. McQuillen, *Municipal Corporations* § 25.84, at 319 (3rd ed. rev. 1991). If it is germane to an object within the police power and there is a reasonable basis to treat the spot-zoned property differently from the surrounding property, the spot zoning is valid. *Montgomery v. Bremer County Bd. of Supervisors,* 299 N.W.2d 687, 696 (Iowa 1980); *Jaffe,* 179 N.W.2d at 556. *See generally* 101A C.J.S. *Zoning and Planning* § 44 (1979).

█ In determining whether there is a reasonable basis for spot zoning, we consider the size of the spot zoned, the uses of the surrounding property, the changing conditions of the area, the use to which the subject property has been put and its suitability and adaptability for various uses. *Jaffe,* 179 N.W.2d at 556. In rural county zoning, the size of the tract is not very important. *Montgomery,* 299 N.W.2d at 696; *Keppy v.*

*Ehlers,* 253 Iowa 1021, 1023, 115 N.W.2d 198, 200 (1962). The factor of primary importance is whether the rezoned tract has a peculiar adaptability to the new classification as compared to the surrounding property. *Keppy,* 253 Iowa at 1023, 115 N.W.2d at 200. Spot zoning for the benefit of the owner and contrary to the comprehensive plan is unreasonable. *Jaffe,* 179 N.W.2d at 556.

 We conclude that the rezoning of the farmland here is spot zoning. This property is surrounded by land zoned A–1. Rezoning this parcel to A–2 would create an island of property with restrictions on its use different from those imposed on surrounding property.

 The next question is whether this spot zoning is valid. We consider (1) whether the new zoning is germane to an object within the police power, (2) whether there is a reasonable basis for making a distinction between the spot-zoned land and the surrounding property, and (3) whether the rezoning is consistent with the comprehensive plan.

We discern no object within the police power that would justify rezoning this property. The rezoning of this parcel is not related to the public health, safety, morals or general welfare designed to serve the best interests of the community as a whole. Only the owner of the property and its members would receive any benefit from rezoning this land.

Nor do we find a reasonable basis for distinguishing this property from the surrounding property. The 223–acre parcel contains farm ground and timber. It has no unique quality that makes it more suitable than the property surrounding it to be zoned A–2.

More important, we do not believe the rezoning is pursuant to the Scott County Comprehensive Zoning Plan or the County's zoning district classifications. One of the main thrusts of the comprehensive plan is to "identify and seek means to protect prime agricultural land from scattered development." To carve out a parcel of land in an A–1 district and zone it A–2 would result in the type of scattered development the comprehensive plan seeks to avoid. Moreover,

half of the rezoned property qualifies as "prime" agricultural land. Although the Association says that it will remove only five acres from production, there is nothing in the zoning classification or the rezoning ordinance that would limit the property owner's attempts to use the land in a manner other than farming and yet within the A–2 district restrictions. Uses permitted in an A–2 district include schools, parks, government buildings, golf courses, churches, cemeteries, and solid waste disposal sites. Thus, rezoning provides less, not more, protection for the prime agricultural land in this parcel.

The A–1 agricultural protection district is designed to "protect agricultural land from encroachment of urban development." The A–2 agricultural district is intended to "act as a holding zone until a compatible urban development proposal is approved." According to the county's zoning policies, new urban development in the rural areas should, among other factors, (1) be on marginal or poor farmland, (2) have access to adequately constructed paved roads, (3) have present or planned water and sanitary sewer systems, and (4) be near existing employment and commercial areas. The proposed rezoning does not meet these criteria. There are no plans to develop this rural area for urban uses. As previously noted, half the land is prime farmland. Access to the property is by a dirt road and the County does not intend to improve this road. In fact, the county engineer disapproved of the rezoning request unless the Association would agree to maintain the road itself. There is no private or public sanitary sewer system on the property. The property is not located near existing employment centers or commercial areas. The zoning commissioners who voted against the rezoning petition were aware of such problems. They opposed the rezoning because they thought it was improper spot zoning and represented a change in the County's policies to preserve agricultural land and check urban encroachment on farmland.

 Basically, the Association argues that a change from A–1 to A–2 is not very great and will not really change the use of the property. However, as noted above, many uses are allowed in an A–2 district that are incompatible with the preservation of the

property in its present form. Consequently, the Association's argument that rezoning will not change the use of the property is not necessarily true. Even if it were true, however, this argument fails to address why this property should be rezoned to A–2 and the surrounding similar property remain in an A–1 district. *See Keppy,* 253 Iowa at 1023, 115 N.W.2d at 200 ("restrictions not bearing alike on all persons living in *the same territory under similar conditions and circumstances* are discriminatory and will not be upheld").

We conclude that none of the factors that form the basis for valid spot zoning exist in this case. Therefore, the enactment of the ordinance rezoning the 223–acre parcel of land from A–1 to A–2 was invalid spot zoning.

## VI. *Summary.*

In summary, we hold that section 358A.8 did not require an affirmative recommendation by the Commission in order for the Board to consider the rezoning petition. We also conclude that compliance with section 657.9 was not necessary at this time because the Association did not seek approval of a shooting range. However, we believe the Board's enactment of the ordinance rezoning this parcel of land to an A–2 district was invalid spot zoning. Therefore, we affirm the district court's ruling sustaining the writ of certiorari.

**AFFIRMED.**