MILVOY NOVAK et al., appellees, v. ONEIDA TOWNSHIP SCHOOL BOARD (TAMA COUNTY) et al., appellants.

No. 49663.

(Reported in 95 N.W.2d 291)

MARCH 10, 1959.

Hyland & Hyland, of Tama, and Boardman, Cartwright & Druker, of Marshalltown, for appellant Oneida Township School Board.

Lundy, Butler, Lundy & Wilson, of Eldora, and Dickens & Mickelson, of Toledo, for appellees.

OLIVER, J.—Oneida Township School Board, Tama County, Iowa, did not maintain a high school or elementary school for the school year 1957-1958 and designated schools in another district for attendance by its pupils. As required by section 285.4, Code of Iowa, 1954 (1958), it submitted such designations to the board of education of Tama County, which approved the designations, over the objection of certain parents. From this order of approval the objectors appealed to the state superin-

tendent of public instruction who reversed the decision of Oneida Township School Board and Tama County, Iowa. The boards then appealed to Tama District Court, which, upon motion of the parents, dismissed the appeal. From this judgment and order of dismissal, Oneida Township and Tama County School Boards, and E. P. Simmons, secretary, have appealed to this court. The only question is whether the decision of the state superintendent was appealable to district court. We agree with the conclusion of the district court that such decision was not appealable.

I. It is fundamental that the right of appeal is purely statutory and may be granted or denied by the legislature as it determines. Unless the statute makes provision therefor, expressly or by plain implication, there is no right of appeal. Everding v. Board of Education, 247 Iowa 743, 746, 747, 76 N.W.2d 205, and citations; Bales v. Iowa State Highway Commission, 249 Iowa 57, 60, 86 N.W.2d 244, 246, 247.

II. Chapter 285, Code of Iowa, 1954, is entitled State Aid for Transportation. Code section 285.4 provides for: (1) The designation by school boards in districts not maintaining school facilities, of other districts for attendance by pupils; (2) the submission of such designations to the county board, for review and approval, and (3) appeals to the state superintendent from decisions of the county board, which appeals, it states, "may be made * * * as provided in section 285.12 and section 285.13." These appeals to the state superintendent are the only appeals authorized by section 285.4.

Code section 285.12 sets out the procedure for the determination of disputes, in general, between a school patron and the local board. It lists the several permissible stages, as follows: (1) The patron, if dissatisfied with the decision of the school board, may appeal the same to the county board; (2) either party may appeal from the decision of the county board to the state superintendent; (3) the decision of the state superintendent may be appealed to district court, and (4) the order of the district court may be appealed to the supreme court. Section 285.13 refers to disagreements between boards. Hence, except as to appeals to the state superintendent, the procedure in school designation cases provided by section 285.4 differs from the

procedure provided by section 285.12 for disagreements in general. This is the only part of section 285.12 which is adopted by section 285.4. Upon this point the language of section 285.4 is plain and unambiguous and its meaning so clear there is no room for construction. Dingman v. Council Bluffs, 249 Iowa 1121, 1126, 90 N.W.2d 742, 746, and citations. Hence, the right of appeal to district court will not be read into it.

III. Appellants contend the history of the two sections shows that, at the time 285.4 was adopted, there was no right of appeal from rulings of the state superintendent under chapter 285 and that subsequent changes in 285.12 and 285.13, granting such right, should be interpreted to include matters arising under section 285.4. This contention is not well founded, in that it fails to take into consideration the fact that 285.12 is the general statute governing procedure "in the event of a disagreement between a school patron and the board of the school district," while 285.4 is a special act limited to the "designations" referred to therein. Under such circumstances, it is the rule that the "special Act will be considered an exception or qualification of the general statute and will prevail over it, whether it was passed before or after such general enactment." Liberty Consolidated School District v. Schindler, 246 Iowa 1060, 1065, 70 N.W.2d 544, 547; Crawford v. Iowa State Highway Commission, 247 Iowa 736, 740, 741, 76 N.W.2d 187.

The judgment and order of district court dismissing the appeal to that court is affirmed.—Affirmed.

All JUSTICES concur.