**Leslie L. BOOMHOWER et al., Appellants,**

v.

**CERRO GORDO COUNTY BOARD OF ADJUSTMENT, Jack Dominic, Sidney Thompson, William Floy, William Werner, James R. Heiny, (Disqualified), Appellees.**

No. 52995.

Supreme Court of Iowa.

Dec. 10, 1968.

Boomhower & Nelsen, Mason City, for appellants.

William Pappas, Mason City, for appellees.

STUART, Justice.

The sole issue presented on this appeal is whether under the provisions of Chapter 358A, Code of Iowa, the board of adjustment has jurisdiction to hear and adjudicate an appeal from the action of the board of supervisors changing the zoning classification of certain land.

Application was made to the Cerro Gordo County Zoning Commission for a change of

zoning classification of certain described land near Winnebago Heights, Mason City, Iowa to permit the expansion of an auto salvage operation. The zoning commission recommended to the Cerro Gordo County Board of Supervisors the change be made. On December 12, 1966, the board of supervisors, after "a public hearing with notice as required by law", amended the zoning ordinance of Cerro Gordo County to reflect the recommendation of the zoning commission.

Plaintiffs, a group of Winnebago Heights residents, dissatisfied with the change of zone from "R–1" single family residential and "A" agricultural to "I–H" heavy industry, filed a notice of appeal on December 12, 1966, with the Cerro Gordo County Board of Adjustment. Proper notice of the hearing on the appeal was given.

Upon hearing, the appeal was dismissed on the ground the board of adjustment was without jurisdiction because such appeal was not authorized by statute.

On February 8, 1967, plaintiffs petitioned the district court for Writ of Certiorari to review the action of the board of adjustment. Plaintiffs sought an order compelling the board of adjustment to hear plaintiffs' appeal claiming no other plain, speedy, and adequate remedy at law.

The district court annulled the Writ of Certiorari holding the board of adjustment was without jurisdiction to hear plaintiffs' appeal.

■ I. "It is fundamental that the right of appeal is purely statutory and may be granted or denied by the legislature as it determines. Unless the statute makes provision therefor, expressly or by plain implication, there is no right of appeal. [Citations]" Novak v. Oneida Township School Board, 250 Iowa 668, 670, 95 N.W.2d 291, 292.

We therefore must examine chapter 358A to determine whether the legislature has conferred jurisdiction on the board of adjustment to hear and determine an appeal from the action of the county board of supervisors in amending a zoning ordinance.

■ "A cardinal rule of statutory construction is that, if reasonably possible, effect should be given every part of a statute." Town of Mechanicsville v. State Appeal Board, 253 Iowa 517, 522, 111 N.W.2d 317, 320, and citations.

■ "Another settled rule of construction which is important here is that in determining the meaning of a statute all provisions of the act of which it is a part, and other pertinent statutes, must be considered." Horner v. State Board of Engineering Examiners, 253 Iowa 1, 8, 110 N.W.2d 371, 374, and citations.

The pertinent sections provide:

"358A.10 Board of adjustment. The board of supervisors shall provide for the appointment of a board of adjustment, and in the regulations and restrictions adopted pursuant to the authority of this chapter shall provide that the said board of adjustment may, in appropriate cases, and subject to appropriate conditions and safeguards, make special exceptions to the terms of the ordinances or regulations in harmony with its general purpose and intent and in accordance with the general or specific rules therein contained, and provide that any property owner aggrieved by the action of the board of supervisors in the adoption of such regulations and restrictions may petition the said board of adjustment direct to modify regulations and restrictions as applied to such property owner.

"358A.13 Appeals to board. Appeals to board of adjustment may be taken by any person aggrieved or by any officer, department, board or bureau of the county affected by any decision of the administrative officer. Such appeal shall be taken within a reasonable time, as provided by the rules of the board of adjustment, by filing with the officer from whom the appeal is taken and with the board of adjustment a notice

of appeal specifying the grounds thereof. The officer from whom the appeal is taken shall forthwith transmit to the board of adjustment all the papers constituting the record upon which the action appealed from was taken.

"358A.15 Powers of board. The board of adjustment shall have the following powers:

"1. To hear and decide appeals where it is alleged there is error in any order, requirement, decision or determination made by an administrative official in the enforcement of this chapter or of any ordinance adopted pursuant thereto.

"2. To hear and decide special exceptions to the terms of the ordinance upon which such board is required to pass under such ordinance.

"3. To authorize upon appeal, in specific cases, such variance from the terms of the ordinance as will not be contrary to the public interest, where owing to special conditions a literal enforcement of the provisions of the ordinance will result in unnecessary hardship, and so that the spirit of the ordinance shall be observed and substantial justice done."

The trial court carefully analyzed these statutes and concluded the board of adjustment was without jurisdiction to entertain such appeal. We adopt the following from the trial court's opinion:

"The power of the Board of Supervisors to adopt a zoning ordinance and to later make changes and amendments in it, pursuant to sections 358A.3 through 358A.7 of the 1966 Code, is essentially a legislative power and process. The administration of a zoning ordinance is in the hands of an administrative officer, as provided by section 358A.9 of the Code. The Board of Adjustment is likewise concerned with the administration of the zoning ordinance. Such board may be given authority to make special exceptions to zoning regulations under certain conditions, as provided in section 358A.10. The powers of the Board of Adjustment are set forth in section 358A.15 of the code. There appears to be nothing in this section which directly or inferentially authorizes the Board of Adjustment to sit in appellate review of the action of the Board of Supervisors in adopting or amending the zoning ordinance. While the Board of Adjustment may be given authority to make special exceptions to a zoning regulation or restriction as it might apply to a particular property owner (Sec. 358A.10 and 359A.15(2)), that is not the situation in this case."

Section 358A.13 relates to appeals from administrative officers. Appellant does not place reliance on this section of the code.

█ After examining Iowa Code Chapter 358A, both as a whole and by individual sections, it is clear the function of the board of adjustment is "to hear appeals from the rulings of the administrative officer and to make special exceptions and grant variances from the terms of the ordinance". Note, County Zoning in Iowa, 45 Iowa L.Rev. 743, 755–756. See also Depue v. City of Clinton, Iowa, 160 N.W.2d 860.

Amendment of a zoning ordinance is a legislative function placed in the board of supervisors. The board of adjustment which is granted quasi-judicial and administrative function was not given and should not have veto power over the legislative body. The board of adjustment is established to prevent injustice being done to those persons not fitting within the zoning ordinances as adopted by the board of supervisors. It is to help make workable the ordinances and not to sit as a judicial body to determine the propriety of their adoption. Parties who claim such ordinance or amendment thereto is arbitrary or capricious should seek relief in the courts by petitioning for a writ of certiorari.

Appellants cite the following cases as supporting their position: Anderson v. Jester, 206 Iowa 452, 221 N.W. 354; Call Bond & Mortgage Company v. City of Sioux City, 219 Iowa 572, 259 N.W. 33; Schultz v. Board of Adjustment of Potta-

wattamie County, 258 Iowa 804, 139 N.W.2d 448; Antrim v. Civil Service Commission of City of Des Moines, Iowa, 154 N.W.2d 711. With the exception of Anderson v. Jester, they do not consider the specific question before us here. Dictum in Anderson v. Jester, supra, is contra to appellant's position.

"The power of the board of adjustment is to vary, to make special exceptions to the application of the zoning and use regulations, not to vary, further than as the incidental effect in the specific case, boundaries or provisions of the ordinance." Anderson v. Jester, 206 Iowa 452, 459, 221 N.W. 354, 358.

For the reasons set forth the decision of the trial court annulling the writ of certiorari is affirmed.

Affirmed.

All Justices concur except MASON, J., who takes no part.