Wyman WEBB, Nancy J. Webb, Carol L. Simmons, Arthur R. Simmons, Kathy Simmons, Ronald Giberson, Ronald K. Kester, Janice G. Kester, Dean Lane, Donna M. Lane, Shirley Thornton, Richard "B" Thornton, Renold R. Thornton, Ronald L. Simmons, and Chris Denny, Appellees,

v.

Dean GILTNER, Jack Bedner, and Paul Mottet, as Wapello County Board of Supervisors, Appellants.

No. 89-1947.

Court of Appeals of Iowa.

Feb. 26, 1991.

R.T. Starken, Asst. County Atty., Ottumwa, for appellants.

Richard R. Schlegel II, Ottumwa, for appellees.

Considered by DONIELSON, P.J., and HAYDEN and HABHAB, JJ.

DONIELSON, Presiding Judge.

Ed and Barbara Kent filed an application with the county zoning commission requesting that their property be rezoned from residential to commercial. The plaintiffs-appellees, 15 in number (objectors), are generally residents living in the area surrounding the approximately 64 acres of real estate owned by the Kents. Although zoned residential, the land has been used for agricultural purposes, has no improvements, and is generally hilly and wooded. It lies adjacent to Highway 34 approximately three miles east of the corporate limits of the city of Ottumwa and approximately one mile west of the corporate limits of the town of Agency. Although it abuts Highway 34, there is no access directly onto Highway 34 from this particular property. To the south, and running in a southeasterly-northwesterly direction, the property is abutted by the rail line of the Burlington Northern Railroad. A county road known as Camp Arrowhead Road has access onto Highway 34 and proceeds in a north-south direction close to the east boundary of this property. It is from this road that access is gained to the land in question. The road surface is gravel. It is along this road that several of the objectors to the rezoning have residential property.

The rezoning request was to enable certain uses after transfer of the land to the Farmers and Miners Town of History, Inc. (F & M), an Iowa nonprofit corporation. F & M is a historical and educational project to promote tourism in the area. F & M planned to develop and operate a historical farming and mining town on the land. The project was proposed to be open year round or for a substantial portion of the year. A parking area for approximately 100 to 200 cars would be established, with projections of 300 to 400 people per day visiting the project. Public eating and restroom facilities, as well as some commercial operations, were contemplated.

Hearing on the proposed zoning change was held after notice was given by the Wapello County Zoning Commission. The objectors and proponents appeared and stated their respective positions. The Commission recommended to rezone and forwarded this recommendation to the Board of Supervisors (the Board).

The Board set the request for rezoning for the required public hearing. The objectors and proponents again appeared and participated. At the conclusion of the hearing the Board granted the application to rezone—Supervisor Giltner voted yes, Supervisor Bedner voted yes, and Supervisor Mottet abstained.

The objectors filed a petition for writ of certiorari in the district court. They alleged the Board's decision to rezone was illegal for several reasons, one contention being that the Board's action was contrary to the county's comprehensive plan. Following a hearing, the district court concluded the Board's action was illegal because the Board failed to consider the Comprehensive Plan for the Unincorporated Area of Wapello County, Iowa (The Plan). The district court sustained the writ of certiorari. The Board appeals. We now affirm.

Iowa Code section 358A.5 requires that county zoning ordinances be adopted "in accordance with a comprehensive plan." At trial the objectors introduced into evidence The Plan which was enacted in 1985. The two voting supervisors testified before the district court that they did not consider

The Plan in granting the requested rezoning. The district court concluded the supervisors' failure to consider this comprehensive plan rendered the rezoning illegal.

On appeal, the Board contends its action was consistent with the objectives stated in Iowa Code section 358A.5 and, therefore, was not illegal. The question we must decide is whether zoning in accordance with the objectives of section 358A.5 is statutorily sufficient where a county has enacted its own comprehensive plan.

In *Montgomery v. Bremer County Board of Supervisors*, 299 N.W.2d 687 (Iowa 1980), our supreme court addressed a challenge to a board's decision to rezone. The appellants contended the board's decision did not meet the requirement of section 358A.5.

> Deciding whether a decision to rezone has been made in accordance with a comprehensive plan is troublesome. Zoning is not static. *Anderson [v. City of Cedar Rapids]*, 168 N.W.2d [739,] 743 [(Iowa 1969)]. If the Board gave full consideration to the problem presented, including the needs of the public, changing conditions, and the similarity of other land in the same area, then it has zoned in accordance with a comprehensive plan. *Keppy v. Ehlers*, 253 Iowa 1021, 1023, 115 N.W.2d 198, 200 (1962); Vestal, *Iowa Land Use and Zoning Law*, § 3.01(d) (1979).

*Id.* at 695.

The Wapello Board, relying upon the above statement, argues that it did give full consideration to the problem presented and, therefore, zoned in accordance with *a* comprehensive plan. We do not disagree with the Board's argument, as far as it goes. Nothing in Chapter 358A requires a county to zone its unincorporated areas. *See* § 358A.1. Additionally, nothing in Chapter 358A requires a county to reduce a comprehensive plan to written form. The quoted language from *Montgomery* appears to enunciate a generic standard for judicial review where a county either has no individualized comprehensive plan or has not reduced that plan to writing. If Wapello County had not enacted The Plan,

our review would be limited to the generic *Montgomery* considerations and we would probably be required to find the Board's decision to rezone was "in accordance with a comprehensive plan." § 358A.5.

However, Wapello County has enacted The Comprehensive Plan for the Unincorporated Area of Wapello County, Iowa. It is obvious from reviewing The Plan that much time, energy, and expense were committed to the project in an effort to address the specific needs and goals of Wapello County. In its brief, as in its decision to rezone, the Board ignores its own county's comprehensive plan. The Board apparently believes that we, too, should ignore The Plan. The Board argues that so long as its decision is in accordance with some plan, its decision is unassailable. We cannot agree.

In the *Montgomery* case, the supreme court did enunciate a rather flexible standard for whether a board's decision was in accordance with a comprehensive plan. However, the *Montgomery* court analyzed the objectors' challenge in relation to the Bremer County Comprehensive Zoning Plan, not in relation to the objectives of section 358A.5. There, the *Montgomery* court found that the Board had rationally decided to rezone the land to further the goals of the Bremer County Comprehensive Plan and, therefore, the regulation was "in accordance with a comprehensive plan."

Were we to accept the Board's invitation to ignore The Plan, we would nullify Wapello County's concerns, efforts, and expenditures incorporated into that individualized comprehensive plan. We would, in effect, repeal that enactment—an act which we have no power to perform.

Zoning is a means of regulating land uses. The comprehensive plan requirement of section 358A.5 is intended to ensure that county governments act rationally rather than arbitrarily in exercising their delegated zoning authority. For an expanded discussion see Note, *Rural Land Use Regulation in Iowa: An Empirical Analysis of County Board of Adjustment Practices*, 68 Iowa L.Rev. 1083 (1983). The comprehensive plan, whether inherent in the zon-

ing ordinance or a separate written document, should be designed to reflect current and future expected land uses. *Id.* at 1101. If we accept the Board's reading of § 358A.5 and conclude that rezoning in accordance with "a" comprehensive plan, even where a county has enacted an individualized comprehensive plan, the ability to ensure rational governmental action is reduced. Furthermore, the goals of the individualized plan would be thwarted. This court cannot believe section 358A.5 or the *Montgomery* court contemplated such a result.

■ Where a county has enacted a written comprehensive plan, we hold the requirement of Iowa Code section 358A.5 (that zoning be "in accordance with a comprehensive plan") contemplates the zoning ordinance will be designed to promote the goals of that individualized plan. The Board did not consider The Plan. Nor does the Board argue that the rezoning of the Kents' land is in accordance with The Plan. Because the Board failed to consider its own enacted comprehensive plan, our review of whether the rezoning decision was designed to further the goals of that plan would be pointless. The district court did not err in sustaining the writ of certiorari.

■ Pursuant to Iowa Rule of Appellate Procedure 15(b), the Board has asked this court to assess costs against the objectors for unnecessarily including materials in the appendix. Cost may be assessed for appendix materials which are unnecessary or have no bearing on the issues appealed. *See Bethesda Foundation v. Board of Review,* 453 N.W.2d 224, 229 (Iowa App.1990), and cases cited therein. The Board contends it was unnecessary to include the entire 97 pages of The Plan in the appendix. We agree. We remind the parties that the entire record is available to this court for examination. Our examination of the appendix reveals 85 unnecessary pages. This constitutes approximately 50 percent of the appendix contents. Appellees, the objectors, are hereby assessed 50 percent of the cost to produce the appendix. The

appendix cost $660; appellees will pay $330 of this expense.

AFFIRMED.

SCHLEGEL, J., takes no part.